UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-mj-03424-McAliley

UNITED STATES OF AMERICA
v
JULIAN POSADA-ESCOBAR
    Defendant.
_____/

FILED BY **dgj** D.C.

**Aug 22, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - mia

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: /s/ *Andrea Goldbarg*
ANDREA GOLDBARG
Assistant United States Attorney
Court ID A5502556
JLK Federal Justice Building
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: 305-961-9309
Email: Andrea.Goldbarg@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Julian Posada-Escobar,<br><br>*Defendant(s)* | Case No. 22-mj-03424-McAliley |

**CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 12-13, 2022__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 1960(a) and (b)(1)(A). | Operating an Unlicensed Money Transmitting Business. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Carolina C. Martinez, HSI
*Printed name and title*

Attested to in accordance with the requirements of
Federal Rule of Criminal Procedure 4.1 by FaceTime

Date: August 22, 2022

_____
*Judge's signature*

City and state: Miami, FL

Hon. Chris M. McAliley, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Carolina Martinez, being duly sworn, depose and state the following:

## AGENT BACKGROUND

1. I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI). I have been employed as a Special Agent by HSI since March 2021. I am currently assigned to the HSI Office of the Special Agent in Charge in Miami, Florida and further detached to the Financial Strike Force under the South Florida High Intensity Drug Trafficking Area (HIDTA). Prior to my tenure as a Special Agent, I graduated from University of Granada with a Bachelor's and Master's degree in Pharmacy and was subsequently certified as an anti-money laundering specialist (CAMS). In my capacity as a United States law enforcement officer, I am empowered by law to conduct investigations and to make arrests for offenses detailed in Title 18, Title 21, and Title 31 of the United States Code. I have been involved and assisted in the investigation of violations of various federal criminal laws, including various financial crimes; money laundering; the smuggling of monetary instruments in and out of the United States: as well as the smuggling and distribution of narcotics into and throughout the United States.

2. As part of my daily duties as a HSI Special Agent, I have received comprehensive training at the Federal Law Enforcement Training Center in the area of narcotics trafficking, money laundering along with related conspiracies and I have either conducted or participated in financial and narcotics investigations using both traditional and contemporary investigative techniques to include physical surveillance, document review, witness interviews, record checks, and the seizure and analysis of electronic media and data. I have also participated in the execution of search warrants and law enforcement operations which involve the seizure of illegal narcotics and U.S. Currency determined to be the financial proceeds of criminal activity. As part of the HSI

Miami, El Dorado Task Force South, I was specifically trained in the identification, investigation, and prosecution of individuals involved in the laundering of illegal drug trafficking proceeds via the Black Market Peso Exchange (BMPE), Trade Base Money Laundering (TBML), and illicit cryptocurrency transactions.

3. I have not necessarily included in the affidavit each fact known to me about the matters set forth herein, but only those facts and circumstances that I believe are sufficient to establish probable cause for the Court to authorize a criminal complaint.

4. The statements in the affidavit are based upon my investigation, information provided by other individuals, including sworn law enforcement officers and confidential sources, and upon my experience and training as a federal agent and the experience and training of other federal agents.

5. This affidavit is made in support of a criminal complaint charging defendant Julian Posada-Escobar (POSADA-ESCOBAR) with knowingly conducting, controlling, managing, supervising, directing, and owning all and part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b), by transferring funds within this country, on behalf of the public by any and all means including couriers, which affected interstate and foreign commerce, and which was operated without an appropriate money transmitting license in a State, that is, Florida, where such operation was punishable as a felony, and failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulations prescribed thereunder, in violation of Title 18, United States Code, Section 1960(a) and (b)(1)(A).

PROBABLE CAUSE

6. On or about August 13, 2022, at approximately 1:24 a.m., Florida Highway Patrol (FHP) troopers, in a marked FHP Police SUV, observed a 2022 Gray Mitsubishi Outlander (Florida Tag# 97BMCA) (VEHICLE) traveling 81 mph in a 55-mph zone on State Road 826 in a westbound direction. The FHP troopers conducted a traffic stop of the VEHICLE for speeding on State Road 826 Westbound at NW 27th Avenue, Miami, Florida, and approached the VEHICLE. The FHP troopers identified POSADA-ESCOBAR as the driver of the VEHICLE and a female in the front passenger of the VEHICLE. The FHP troopers observed that POSADA-ESCOBAR was acting very nervous.

7. As one of the FHP troopers were initiating a written citation warning for unlawful speed, the other FHP trooper deployed Canine Odin, who was on scene at the time of the traffic stop. Shortly thereafter, Canine Odin alerted to the VEHICLE indicating possible contraband in the VEHICLE. Based on the canine alert, the FHP then conducted a search of the VEHICLE, which revealed bulk packaged United States currency (USC) located behind the driver's seat on the rear, left passenger floorboard. The bulk cash was discovered inside a brown cardboard box through a space in the box's top lids, in seven separate vacuum sealed bag. Each of the vacuum sealed bag contained several bundles that were wrapped in different colored rubber bands, and further separated by denominations. In addition, for each of the vacuum sealed bags, there was a dollar amount written on the outside in black marker. In total, $350,000 was recovered in USC inside the VEHICLE. Based on my training and experience, this type of packaging is known "quick count bundle," and is used for the purpose of delivering a large amount of cash in a fast transaction. I also know that this type of packaging is consistent with money laundering activities.

3

8. FHP notified Homeland Security Investigations (HSI), Miami after discovering the large sum of contraband currency. After the USC was secured, agents and detectives from HSI, Miami Financial Strike Force arrived on scene of the traffic stop. POSADA-ESCOBAR waived his *Miranda* rights, and provide a voluntary statement, in which he stated, in sum and substance and in part: he picked up the bulk cash in Orlando from someone and was going to deliver it to a business in Miami, Florida.

9. HSI Miami received an official certificate from the Office of Financial Regulations in the State of Florida indicating that POSADA-ESCOBAR does not have a money transmitter license, nor does he own or operate a money services business.

## CONCLUSION

10. Based on the foregoing, probable cause exists to prove that, on or about August 12, 2022, through on or about August 13, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant Julian POSADA-ESCOBAR, did knowingly, conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b), by transferring funds within this country, on behalf of the public by any and all means including couriers, which affected interstate and foreign commerce, and which was operated without an appropriate money transmitting license in a State, that is, Florida, where such operation was punishable as a felony, and failed to comply with the money transmitting business registration

requirements under Section 5330 of Title 31, United States Code and the regulations prescribed thereunder, in violation of Title 18, United States Code, Section 1960(a) and (b)(1)(A).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
CAROLINA C. MARTINEZ, SPECIAL AGENT
HOMELAND SECUIRTY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this 22nd day of August 2022.

_____
HONORABLE CHRIS M. McALILEY
UNITED STATES MAGISTRATE JUDGE